UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD STRACK,

    Plaintiff,

v.     CAUSE NO. 3:20-cv-417 DRL-MGG

ERIC HOLCOMB *et al.*,

    Defendants.

OPINION & ORDER

On May 22, 2020, Edward Strack filed a *pro se* complaint here with a hodgepodge of assorted claims as well as multiple other complaints in this district. He also filed an "affidavit of indigency [sic]," which this court construes as a motion to proceed *in forma pauperis* (ECF 2). He then filed a letter of "objections" (ECF 3). On August 19, 2020, he filed an amended complaint (ECF 5). Because he filed an amended complaint, the court will only consider that complaint.

His amended complaint lists nine defendants along with their spouses: Eric Holcomb, Governor of Indiana; Gregory Heller, Judge of the Fulton Superior Court; Michael Marrs, Prosecutor for Fulton County; Rachel Arndt, Chief Deputy Prosecuting Attorney for Fulton County; Teri Furnivall, Fulton County Clerk; Christopher Lee, Judge of the Fulton Circuit Court; Chris Sailor, Fulton County Sheriff; Andrew Shotts, Chief of Police for the City of Rochester; and Matthew McIntire, Officer of the Rochester Police Department.

Before addressing the financial aspects of a motion to proceed *in forma pauperis*, the court must determine whether Mr. Strack's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (court has "ample authority to dismiss frivolous

or transparently defective suits spontaneously"). If the amended complaint is deficient in any of these ways, the court must dismiss it. 28 U.S.C. § 1915(e)(2)(B). Even construing Mr. Strack's amended complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), dismissal is required because it presents frivolous claims and because these defendants are immune from liability.

A complaint is frivolous "if it is apparent from a reading of [it] . . . that the case is going nowhere." *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). A complaint is factually frivolous if the allegations are irrational, delusional, baseless, or unbelievably incredible. *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016). A complaint is legally frivolous if it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Mr. Strack's complaint is both factually and legally frivolous.

His complaint stems from an incident on May 2, 2019, when he alleges that law enforcement stopped and arrested him for driving with a suspended driver's license, an expired license plate, and for improperly displaying his license plates (ECF 5 ¶ 16). He says Indiana's laws requiring a driver's license and license plate are titles of nobility forbidden by Article I, Section 10 of the United States Constitution (*id.* ¶ 17). He has no constitutional right, however, to travel in an unregistered vehicle without a driver's license. *See Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637, 652-54 (1971) ("The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers."); *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) (states may prescribe regulations related to the operation of motor vehicles on its highways). Mr. Strack attempts to hold Officer McIntire liable for this stop, but Officer McIntire was reasonably acting within his duties when he stopped Mr. Stark. *See* Ind. Code § 9-18.1-11-2(c) ("A person that operates or permits the operation of a motor vehicle [with an expired license

plate] commits a Class C infraction."). His claims regarding the unconstitutionality of this stop are legally frivolous.

His complaint then turns to the state's prosecution of these violations. He says the defendants imposed cruel and unusual punishment against him by issuing a bench warrant against him and denying his motion to dismiss the claims against him. He says he was wrongfully imprisoned. He says the prosecution against him is a violation of the Thirteenth Amendment's prohibition against peonage and involuntary servitude. He says Judge Heller attempted to stop him from saying a prayer during these state proceedings in violation of his religious liberty rights. He says all the defendants have a conspiracy to impose "totalitarian socialism" upon the people. ECF 5 ¶ 43. None of these claims has any legal or factual merit or states a plausible claim. None of the actions taken against him were "grossly disproportionate to the severity of [his] crime" nor did they involve the "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). His prosecution doesn't violate the Thirteenth Amendment. Though the basis for the religious liberty claim is unclear, he hasn't pleaded facts sufficient to state a claim here even under the First Amendment. His claims are baseless.

A § 1983 claim requires personal involvement on the part of the defendant, as there is no *respondeat superior* liability for these claims. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Many of the defendants here can be dismissed because Mr. Strack alleges no personal responsibility on their part—including each of the defendant's spouses, Governor Eric Holcomb, Judge Christopher Lee, Sheriff Chris Sailor, and Chief of Police Andrew Shotts.

Mr. Strack says the defendants conspired against him to deprive him of constitutional rights (ECF 5 ¶ 34). None of his constitutional rights was violated, though. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises."). Instead, all he provides are "bare claim[s]" of

conspiracy. *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). That won't sustain a conspiracy claim of the nature here.

Furthermore, the official defendants are immune from this suit. Public officials are entitled to qualified immunity unless "(1) the plaintiffs adequately alleged facts that, if true, would constitute a violation of a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful." *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020). Mr. Stark alleges no facts that show any of his constitutional rights or statutory rights were violated. Mr. Starks' allegations regarding his actions in Judge Heller's courtroom are barred by absolute judicial immunity. *See Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). His claims against prosecuting attorneys are also barred by immunity. *Goldschmidt*, 686 F.2d at 585.

In short, his complaint is frivolous, and the defendants are immune from his claims. His claims are "facially incredible," *see Weinschenk v. Central Intelligence Agency*, --- F. Appx. ---, 2020 WL 5049163 at 1 (7th Cir. 2020), and granting leave to amend here would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile."); *see generally Traylor v. Herbert*, 2015 U.S. Dist. LEXIS 152747 (D. Utah Nov. 10, 2015) (dismissing with prejudice nearly identical claims as those brought by Mr. Strack). There is no conceivable basis for further amendment consistent with his allegations here.

Accordingly, the court DISMISSES Mr. Stark's complaint with prejudice (ECF 5) and DENIES his motion to proceed *in forma pauperis* (ECF 2) and his "objections" (ECF 3).

SO ORDERED.

September 11, 2020          *s/ Damon R. Leichty*
                            Judge, United States District Court